BROWER LAW GROUP
A Professional Corporation
STEVEN BROWER (SBN 93568)
Email: Steve@BrowerLawGroup.com
TAE J. IM (SBN 139334)
Email: Tae@BrowerLawGroup.com
23601 Moulton Parkway, Suite 220
Laguna Hills, California 92653
Telephone: (949) 668-0825

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUS EX MACHINA MOTORCYCLES PTY. LTD., <br><br> Plaintiff, <br><br> v. <br><br> METRO-GOLDWYN-MAYER INC. and WARNER BROS. ENTERTAINMENT INC., <br><br> Defendants. | Case No. 2:20-cv-4822 <br><br> **COMPLAINT FOR:** <br><br> (1) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a);** <br> (2) **TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(a); AND** <br> (3) **FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)** <br><br> **DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

**Jurisdiction, Venue and Parties**

1.  Pursuant to Local Rule 8-1, Plaintiff Deus Ex Machina Motorcycles Pty. Ltd. ("Deus Ex Machina") hereby alleges that this Court has subject matter jurisdiction over this action because it arises under the federal trademark statute ("Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and this Court also has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

2. Deus Ex Machina is a private limited company, organized and existing under the laws of the country of Australia, with a principal place of business in Australia and with a retail store in Venice, California.

3. Deus Ex Machina is informed and believes, and on that basis alleges, that Defendant Metro-Goldwyn-Mayer Inc. ("MGM") is a corporation, organized and existing under the laws of the State of Delaware, with a principal place of business in the State of California.

4. Deus Ex Machina is informed and believes, and on that basis alleges, that Defendant Warner Bros. Entertainment Inc. ("Warner") is a corporation, organized and existing under the laws of the State of Delaware, with a principal place of business in the State of California.

5. Deus Ex Machina is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over MGM and Warner Bros. (hereinafter collectively referred to as "Defendants") because they have extensive contacts with, and conduct business within, the State of California and specifically within this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and Defendants have caused tortious injury to Deus Ex Machina in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendants have extensive contacts with, and conduct business within, the State of California and this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and Defendants have caused tortious injury to Deus Ex Machina in this judicial district.

**Deus Ex Machina's Business and Trademark**

7. Deus Ex Machina began conducting business in 2006 in Australia as maker of custom motorcycle parts and hand-built motorcycles.

8. Deus Ex Machina's business then expanded into related goods, including but not limited to clothing that Deus Ex Machina created to be compatible

with the motorcycle riding lifestyle as envisioned by design professionals and marketing professionals paid by Deus Ex Machina to create a favorable brand association, in the mind of consumers and potential consumers, for products of Deus Ex Machina.

9. Deus Ex Machina has locations throughout the world, including several locations in Australia and Bali and also locations in France, Indonesia. Italy, Japan, the Netherlands, South Africa, Spain, Switzerland and Turkey.

10. Deus Ex Machina began conducting business in 2011 in the United States and has a store selling Deus Ex Machina merchandise in Venice, California, which is located within the Central District of California, as well as an online store directed to US customers at https://shop.us.deuscustoms.com/#1.

11. Deus Ex Machina's core target market is males from 18 to 30 years old, with only limited styles for children and females.

12. Deus Ex Machina's streetwear clothing items such as short sleeved and long sleeved tees, caps, sweats, fleece and hoodies and light jackets (denim jackets, coach jackets) and some heavier winter jacketing are primarily marketed to males of 18 to 30 years old, although some are purchased and worn by women.

13. The underpinnings of Deus Ex Machina's brand and brand story draw on custom motorcycle culture and vintage surf culture and the intersection and mingling of those lifestyle cultures with art, music and other popular culture.

14. Deus Ex Machina has spent almost 14 years creating a very specific brand image and reputation for quality in stylish streetwear in a broad range of global markets.

15. While apparel and accessories are 80% of its business, Deus Ex Machina has also participated in making and publishing a number of movies portraying surf, motorcycle and other cultural themes and activities like music and snowboarding. This movie making activity is a core part of Deus Ex Machina's cultural foundation to enhance the value of the brand.

16. Deus Ex Machina has been widely mentioned in articles in both print and online media, including a feature article in the Los Angeles Times which was published on January 24, 2015.

17. On January 25, 2011, the United States Patent & Trademark Office ("PTO") issued to Deus Ex Machina, U.S. Trademark Registration No. 3,910,284 for the mark DEUS EX MACHINA in connection with, among other things, "[c]lothing, namely, shorts, shirts, blouses, T-shirts, skirts, ties, belts for clothing, dresses, pants, coats, scarves, mittens, gloves and sweaters, suits, <u>jackets</u>, hats, caps, boots, sandals, shawls; vests; sleepwear; swimwear, footwear, insoles for footwear and headwear." [Emphasis added.] A true and correct copy of this registration is attached hereto as Exhibit A.

18. Deus Ex Machina has devoted substantial time, effort, and resources to the development and extensive promotion of the DEUS EX MACHINA mark and the products offered thereunder.

19. Deus Ex Machina has used and continues to use the mark DEUS EX MACHINA in connection with, among other items of clothing, jackets which are marketed primarily to members of the public who are interested in motorcycles and the motorcycle lifestyle.

20. DEUS EX MACHINA became an incontestable mark as of June 12, 2017. A true and correct copy of the PTO's June 12, 2017 Notice of Acceptance/Acknowledgement as to Sections 71 and 15 is attached hereto as Exhibit B.

21. The DEUS EX MACHINA registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Deus Ex Machina with respect to validity, ownership, and exclusive rights to use the DEUS EX MACHINA mark throughout the United States.

**Unauthorized Use of DEUS EX MACHINA**

22. Deus Ex Machina is informed and believes that Defendants jointly produced, marketed, distributed and released in the United States, on or about May 17, 2019, a movie entitled "The Sun Is Also a Star" ("Movie").

23. Deus Ex Machina is informed and believes, and on that basis alleges, that Defendants released trailers for the Movie ("Trailer") on or about February 6, 2019.

24. Deus Ex Machina is informed and believes, and on that basis alleges, that the Trailer has been viewed over nine million times to date.

25. In both the Movie and the Trailer, the lead actress in the Movie, Yara Shahidi, who played teenager "Natasha Kingsley," wears a blue and rustic gold bomber jacket ("Jacket") with the words "DEUS EX MACHINA" inscribed in the back in large letters.

26. Deus Ex Machina is informed and believes, and on that basis alleges, that the style and coloring of the Jacket is not consistent with and/or is inferior in quality to what most consumers and motorcycle enthusiasts would associate with a motorcycle lifestyle consistent with the mark.

27. Deus Ex Machina is informed and believes, and on that basis alleges, that the Movie is available on DVD and online and that the identical infringing Jacket can be seen in the DVD and online versions of the Movie.

28. The Jacket is not a product of Deus Ex Machina. Deus Ex Machina is informed and believes that the Jacket was created by Defendants for the Movie.

29. Deus Ex Machina is informed and believes, and on that basis alleges, that the Movie is considered a teen drama; received mixed reviews from critics; and was a box-office failure, only grossing $6 million against its $9 million budget.

30. Deus Ex Machina is informed and believes, and on that basis alleges, that Defendants have authorized copies of the Jacket to be sold by among others, the websites www.hjacket.com and www.newamericanjackets.com.

31. Deus Ex Machina is informed and believes that the lead actor in the Movie, Charles Melton, who played teenager "Daniel Bae", posed for pictures posted to social media to help promote the Movie in which he wore clothing actually sold by Deus Ex Machina, creating the impression that Deus Ex Machina was involved in promoting the Movie and that the use of inferior infringing products and references in the Movie to DEUS EX MACHINA were authorized by Deus Ex Machina.

32. The actions described in paragraphs 22 to 31, and each of them, were undertaken without the Defendants obtaining any permission, license or other rights from Deus Ex Machina as the owner of the mark.

33. Deus Ex Machina is informed and believes, and on that basis alleges, that every time either the offending Trailer or Movie is watched, or copies of the Jacket are advertised, sold or worn in public, Deus Ex Machina is injured because:

A. Deus Ex Machina's trademark has been infringed;

B. The use of the trademark DEUS EX MACHINA in the Movie on a type of product widely sold by Deus Ex Machina, a light bomber style jacket, detracts from the brand image Deus Ex Machina has built because the jacket in the Movie is gaudy and of inferior quality, and worn by the teenage, female lead;

C. Deus Ex Machina makes movies in order to promote its brand and the use of the DEUS EX MACHINA trademark in the Movie will cause people to think that Deus Ex Machina is using md promoting the Movie as a way to change its brand by marketing to females and teenagers;

D. Deus Ex Machina is being associated with a schmaltzy teen-style love story, totally inconsistent with the brand image Deus Ex Machina has built;

E. Deus Ex Machina is being associated with a flop; and

F. Deus Ex Machina is being associated with a jacket inferior in quality to what most consumers and motorcycle enthusiasts would associate with a motorcycle lifestyle consistent with the mark.

34. Deus Ex Machina is informed and believes that Defendants have willfully, knowingly and maliciously used the trademark DEUS EX MACHINA to advertise and market the Movie, engaging in trademark infringement, trademark dilution, unfair competition and false advertising in violation of 15 U.S.C. §1114 and §1125(a).

35. Deus Ex Machina is informed and believes that the commercial impact of Defendants' actions is that:

   A. Deus Ex Machina's mark has been and continues to be wrongfully and repeatedly used without fair compensation; and

   B. Deus Ex Machina's customers and potential customers are confused as to the image that Deus Ex Machina is trying to create with its products.

36. In a July 12, 2019 letter, intellectual property counsel for MGM, Jill M. Pietrini of Sheppard Mullin Richter & Hampton LLP advised Deus Ex Machina that MGM disagreed with Deus Ex Machina's contention that the Movie and the Trailer infringed Deus Ex Machina's trademark rights.

37. Unless this Court restrains and enjoins Defendants from further trademark infringement, trademark dilution, and associated acts as set forth above, Deus Ex Machina will be irreparably harmed and there is no adequate remedy at law.

## FIRST CLAIM FOR RELIEF FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 and 1125(a)

38. Deus Ex Machina repeats, realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 36, above

39. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the DEUS EX MACHINA trademark, to advertise, promote, market, and sell the Movie and the Jacket throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

40. The actions of Defendants, if not enjoined, will continue. Deus Ex Machina has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the DEUS EX MACHINA mark, and injury to Deus Ex Machina's business and reputation. Deus Ex Machina is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41. Pursuant to 15 U.S.C. § 1117, Deus Ex Machina is entitled to recover damages in an amount to be determined at trial, the profits made by Defendants on sales of the Jacket, and the costs of this action. Furthermore, Deus Ex Machina is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Deus Ex Machina to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF FOR TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(a)

42. Deus Ex Machina repeats, realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 40, above.

43. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the DEUS EX MACHINA trademark, to advertise, promote, market, and sell the Movie and the Jacket throughout the United States including California are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

44. Deus Ex Machina is informed and believes, and on that basis alleges, that the actions of Defendants described above were and continue to be deliberate and willful. Deus Ex Machina is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of the Jacket, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

45. Deus Ex Machina repeats, realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 43, above.

46. Defendants' actions described above and specifically, without limitation, Defendants' use of the DEUS EX MACHINA trademark, in commerce to advertise, market, and sell the Movie and Jacket throughout the United States including California constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

47. Consumers are likely to be misled and deceived by Defendants' representations.

48. Defendants knew or should have known that their statements were false or likely to mislead.

49. As an actual and proximate result of Defendants' willful and intentional actions, Deus Ex Machina has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Deus Ex Machina will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

50. Pursuant to 15 U.S.C. § 1117, Deus Ex Machina is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of the Jacket, as well as recovery of the costs of this action. Furthermore, Deus Ex Machina is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Deus Ex Machina to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Deus Ex Machina prays that this Court enter judgment against Defendants as follows:

1. That Deus Ex Machina be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* restraining and enjoining Defendants from directly or indirectly infringing on the DEUS EX MACHINA trademark; requiring Defendants to destroy and/or recall the offending material; and restraining and enjoining Defendants from otherwise engaging in acts of unfair competition and unfair trade practices;

2. That Deus Ex Machina be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

3. That Deus Ex Machina be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

4. That such damages and profits be trebled and awarded to Deus Ex Machina and that Deus Ex Machina be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

5. That Deus Ex Machina be granted prejudgment and post-judgment interest;

6. That Deus Ex Machina be granted costs associated with the prosecution of this action; and

7. That Deus Ex Machina be granted such further relief as the Court may deem just.

DATED: May 29, 2020                     BROWER LAW GROUP
                                        A Professional Corporation


                                        By: /s/ Steven Brower
                                            Steven Brower
                                            Attorneys for Plaintiff

4828-1719-1042, v. 4

## DEMAND FOR JURY TRIAL

Plaintiff Deus Ex Machina Inc. hereby demands trial by jury as to each and every issue as to which it is so entitled.

DATED: May 29, 2020

BROWER LAW GROUP
A Professional Corporation

By: /s/ Steven Brower
Steven Brower
Attorneys for Plaintiff